## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QURAN HERRINGTON, on behalf of himself and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>SOLID WASTE SERVICES, INC. d/b/a JP MASCARO & SONS, )<br><br>Defendant. ) | Civil Action No.<br><br>**JURY DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Quran Herrington ("Plaintiff") brings this action against Defendant Solid Waste Services, Inc. d/b/a JP Mascaro & Sons ("Defendant") on behalf of himself and all others similarly situated. In support thereof, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.      Defendant is a waste management company.

2.      Plaintiff worked for Defendant as garbage truck driver.

3.      Plaintiff alleges that Defendant violated Pennsylvania wage laws (the Wage Payment and Collection Law (the "WPCL") and the Pennsylvania Minimum Wage Act (the "MWA")) and the Fair Labor Standards Act ("FLSA") because the company failed to pay overtime wages to him and other similarly situated drivers.[1]

---

[1] Unless otherwise noted, the relevant time period for each class, collective, and/or claim set forth herein is the applicable statute of limitations.

4.      On behalf of himself and all other similarly situated drivers, Plaintiff seeks various damages such as, without limitation, all unpaid wages, liquidated damages, civil penalties as appropriate, appropriate ancillary relief, injunctive relief, interest, attorneys' fees, costs, and all other relief to which they are entitled.

## PARTIES

5.      Plaintiff Quran Herrington is an adult resident of Philadelphia, Pennsylvania.  He worked for Defendant as a driver from approximately October 2021 to June 2024.

6.      Plaintiff brings his Pennsylvania wage claims on behalf of the following class:

> All individuals who Defendant has employed at any time as Pennsylvania intrastate drivers and subjected to the same and/or similar compensation practices and/or policies that the company subjected Plaintiff to.

7.      As detailed below, the Pennsylvania wage class meets the requirements of Rule 23 for class certification.

8.      Defendant Solid Waste Services, Inc. d/b/a JP Mascaro & Sons is a Pennsylvania company, and it has corporate offices in Audubon, Pennsylvania.  Upon information and belief, Defendant's annual revenue exceeds $500,000 and it has employed two or more persons, including Plaintiff.  Defendant is and/or was an "employer" of Plaintiff and the members of the putative classes and/or collective within the meaning of Pennsylvania wage laws and the FLSA.

9.      Plaintiff brings his FLSA claims against Defendant on behalf of a collective of similarly situated drivers who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective").  Plaintiff's FLSA claims meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

10.     In compliance with 29 U.S.C. § 216(b), Plaintiff consents to sue as a plaintiff under the FLSA.[2]

## JURISDICTION AND VENUE

11.     This Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

12.     The Court has supplemental jurisdiction over the Pennsylvania wage claims of Plaintiff and similarly situated drivers under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as the claims of Plaintiff and the class members under the FLSA, over which the Court has original jurisdiction.

13.     The Court has personal jurisdiction over Defendant because Defendant is a Pennsylvania corporation, the company has corporate offices in Montgomery County, Pennsylvania, and it does business in Montgomery County, Pennsylvania.

14.     The Court has personal jurisdiction over Plaintiff and the putative classes and/or collective because they performed work for a company located in Montgomery County, Pennsylvania and performed work in Montgomery County, Pennsylvania.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims set forth in this complaint occurred in this judicial district.

## FACTS

16.     Defendant is a waste management company.

17.     Defendant provides waste collection services to public and private customers.

18.     Defendant employs drivers to perform waste collection services for its customers.

---

[2] Plaintiff's consent to sue form is attached as Exhibit 1.

19.     Defendant employed Plaintiff as a driver from approximately October 2021 to July 2024.

20.     Plaintiff performed waste collection services for Defendant's customers.

21.     Defendant classified Plaintiff as non-exempt for purposes of overtime compensation.

22.     Plaintiff was assigned to a division of drivers who exclusively performed waste collection services in Pennsylvania.

23.     Upon information and belief, Defendant has employed 40 or more drivers who performed waste collection services exclusively in Pennsylvania during the three years preceding the filing date of this complaint (the "Class").

24.     Upon information and belief, Defendant classified other members of the Class as non-exempt for purposes of overtime compensation.

25.     Defendant paid Plaintiff multiple forms of compensation for the services he performed for the company.

26.     Defendant paid Plaintiff a flat rate for each day he worked, attendance bonuses, and different forms of hourly compensation.

27.     Upon information and belief, Defendant paid other members of the Class using the same and/or similar compensation practice and/or policy the company used to pay Plaintiff.

28.     Plaintiff worked more than 40 hours during one or more weeks of his tenure with Defendant.

29.     Upon information and belief, other members of the Class worked more than 40 hours during one or more weeks of their tenure with Defendant.

30.    Plaintiff and other members of the Class were entitled to receive one and one-half times their regular hourly rate for each hour they worked in excess of 40 during a week.

31.    Defendant failed to pay Plaintiff all the overtime wages he earned during one or more weeks because the company has a practice and/or policy of crediting the regular wages it pays drivers toward overtime wages they earn.

32.    For example, Plaintiff allegedly worked 42 hours between May 19, 2024 and May 25, 2024. *See* Quran Herrington Pay Summary (May 31, 2024).[3]

33.    Plaintiff earned $92.07 in overtime wages for the two hours he allegedly worked in excess of 40 during that pay period, but Defendant credited his regular wages toward his overtime wages and only paid him $30.69 – i.e. $61.38 less than he was entitled to receive. *See id*.

34.    Upon information and belief, Defendant credits the regular wages of all members of the Class toward overtime wages they earn.

35.    By crediting the regular wages of the members of the Class toward their overtime wages, Defendant effectively fails to pay them all their overtime wages.

---

[3] Attached as Exhibit 2.

## CLASS AND COLLECTIVE ALLEGATIONS

### A.      Pennsylvania wage claims class.

36.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings his Pennsylvania wage claims against Defendant on behalf of a class of all similarly situated drivers, as to which Plaintiff seeks certification.

37.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the Pennsylvania wage claims class as follows:

> All individuals who Defendant has employed at any time as Pennsylvania intrastate drivers and subjected to the same and/or similar compensation practices and/or policies that the company subjected Plaintiff to.

38.     The Pennsylvania wage claims of Plaintiff and other similarly situated individuals can be adjudicated on a class basis under Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3).

39.     Upon information and belief, the proposed classes are too numerous for practicable joinder because each one is comprised of more than 40 individuals.

40.     The class has questions of law or fact common to all members that predominate over issues that concern only individual members.  The common questions include: whether Defendant had a practice and/or policy of crediting regular wages toward overtime wages earned by Plaintiff and other members of the Class, and whether Defendant failed to pay overtime wages to Plaintiff and other members of the Class because of that practice and/or policy.  The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

41.    Plaintiff's claims are typical of the claims of the class.  Defendant credited Plaintiff's regular wages toward his overtime wages, and, thereby, failed to pay him all the overtime wages he earned.

42.    The damages of the classes can reasonably be calculated from Defendant's business records.  Indeed, Defendant operates in a highly regulated industry that requires it to maintain standard operating procedures and uniform policies, procedures, and practices.

43.    Plaintiff will fairly and adequately protect and represent the interests of the class. He has no known conflict of interest with the class.  Moreover, Plaintiff has retained counsel who have extensive experience litigating class action wage and hour cases.

44.    Permitting Plaintiff to pursue his Pennsylvania wage claims on a class basis is superior to adjudicating them in a piecemeal manner through individual cases.  That alternative – numerous identical lawsuits alleging similar or identical causes of action, or joinder of numerous individuals into a single lawsuit – would not serve the interests of judicial economy.  The prosecution of separate actions by individual class members would also create a risk of inconsistent or varying adjudications with respect to their claims and potentially yield incompatible standards of conduct for Defendant.  Moreover, some class members – particularly current drivers – may be reluctant to bring individual claims for fear of retaliation by Defendant.

45.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the Pennsylvania wage laws to employees.

46.    The Pennsylvania wage claims class is manageable due to the uniformity of claims among the members and the general amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

47.    The contours of each class can easily be defined by Defendant's business records.

**B.     FLSA collective.**

48.     Pursuant to 29 U.S.C. § 216(b), Plaintiff asserts FLSA wage claims on behalf on behalf of himself and a collective of drivers.

49.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the FLSA collective as follows:

> All individuals who Defendant has employed at any time as Pennsylvania intrastate drivers and subjected to the same and/or similar compensation practices and/or policies that the company subjected Plaintiff to.

50.     These claims meet the requirements for collective action certification under the FLSA.

51.     All potential opt-in plaintiffs are similarly situated with respect to the FLSA claims because they worked for Defendant as intrastate drivers and did not receive all their overtime wages because of the company's practice and/or policy of crediting their regular wages toward overtime wages.

## <u>COUNT I</u>
### Violation of the Pennsylvania Wage Payment and Collection Law
#### § 260.1, et seq.

52.     Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

53.     Plaintiff asserts this claim on behalf of himself and the other drivers in the Pennsylvania wage claims class.

54.     Defendant violated the WPCL by failing to pay Plaintiff and the other drivers in the class all the overtime wages they were entitled to receive.

55.     Plaintiff and the other drivers in the class seek recovery of their unpaid wages, liquidated damages, attorneys' fees, costs, and any/all other damages they are entitled to.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### *§ 333.101, et seq.*

56.    Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

57.    Plaintiff asserts this claim on behalf of himself and the other drivers in the Pennsylvania wage claims class.

58.    Defendant violated the MWA by failing to pay Plaintiff and the other drivers in the class all the overtime wages they were entitled to receive.

59.    Plaintiff and the other drivers in the class seek recovery of their unpaid wages, attorneys' fees, costs, and any/all other damages they are entitled to.

## COUNT III
### Violation of the Fair Labor Standards Act
### *29 U.S.C. § 201, et seq.*

60.    Plaintiff re-alleges and incorporates by reference all previous paragraphs of this Complaint as if fully rewritten herein.

61.    Defendant violated the FLSA by failing to pay Plaintiff and other drivers the FLSA collective all the overtime wages they were entitled to receive.

62.    Plaintiff brings this claim on behalf of himself and the other drivers in the FLSA collective pursuant to 29 U.S.C. § 216(b).

63.    Plaintiff and the other drivers in the FLSA collective seek recovery of their unpaid wages, liquidated damages, attorneys' fees, costs, and any/all other damages they are entitled to.

### JURY DEMAND

64.    Plaintiff hereby demands a jury on all claims so triable.

9

Case 2:24-cv-04902-JMY    Document 1    Filed 09/16/24    Page 10 of 12


**PRAYER FOR RELIEF**

65.     Plaintiff respectfully requests that the Court grant the following relief:

a.      Certification of the Pennsylvania wage claims class as a class under Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3);

b.      Designation of Plaintiff as representative for the certified class;

c.      Designation of undersigned counsel as counsel for the certified class;

d.      An order enjoining Defendant from violating Pennsylvania wage laws;

e.      All unpaid wages;

f.      An award to Plaintiff and the other individuals in the class of damages, liquidated damages, and penalties;

g.      Interest;

h.      Attorneys' fees and costs;

i.      Certification of an opt-in class of Plaintiff's FLSA claims against Defendant pursuant to the FLSA, 29 U.S.C. § 201, et seq.;

j.      Permission for Plaintiff to notify other drivers of their right to opt into this action to pursue a claim against Defendant under the FLSA, pursuant to 29 U.S.C. § 216(b);

k.      An order that Defendant failed to pay Plaintiff and other members of the FLSA collective overtime wages for all hours worked in excess of 40 during a week;

l.      An award of damages against Defendant for all overtime wages, that are due and owing to Plaintiff and other members of the FLSA Collective;

m.    Statutory liquidated damages against Defendant under the FLSA for
Plaintiff and other members of the FLSA collective;

n.    A finding that Defendant's violation of the FLSA was willful and that,
therefore, the statute of limitations for the FLSA claim is three years;

o.    Any other relief that the Court deems just and proper.

Dated: September 16, 2024                Respectfully submitted,

QURAN HERRINGTON, individually and on
behalf all others similarly situated,

By his attorneys,

*/s/ Brook S. Lane*

James B. Zouras
*Pro hac vice* forthcoming
STEPHAN ZOURAS, LLC
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
Tel:  (312) 233-1550
Fax:  (3120 233-1560
jzouras@stephanzouras.com

David J. Cohen
STEPHAN ZOURAS LLC
604 Spruce Street
Philadelphia, PA 19106
215-873-4836
dcohen@stephanzouras.com

Brook S. Lane, Esq.
*Pro hac vice* forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
T: (617) 607-3260
F: (617) 488-2261
brook@fairworklaw.com

**<u>CERTIFICATE OF SERVICE</u>**

      I, the attorney, hereby certify that on September 16, 2024, I filed the attached with the Clerk

of the Court using the electronic filing system which will send such filing to all attorneys of record.


                                         *<u>/s/ David J. Cohen</u>*