UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QURAN HERRINGTON, : <br> on behalf of himself and all others : <br> similarly situated, : <br>     *Plaintiffs*, : <br> : <br> v. : <br> : <br> SOLID WASTE SERVICES, INC. d/b/a : <br> J. P. MASCARO & SONS, : <br>     *Defendant.* : | CIVIL ACTION NO. 2:24-cv-04902-JMY |

## ANSWER OF DEFENDANT, SOLID WASTE SERVICES, INC. d/b/a J. P. MASCARO & SONS, TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant, Solid Waste Services, Inc. d/b/a J. P. Mascaro & Sons, answers Plaintiff, Quran Herrington's, Class and Collective Action Complaint as follows.

### NATURE OF THE ACTION

1. Admitted in part; denied in part. It is admitted that part of Defendant's business is waste management. It is denied that Defendant is only involved in waste management, as it is equally involved in collection, processing and shipping of recyclable materials out of state and/or out of the country.

2. Admitted in part; denied in part. It is admitted that Plaintiff worked as a driver for Defendant. It is denied that he worked for Defendant as a garbage truck driver exclusively, and strict proof at the time of hearing and/or trial is demanded. By way of additional response, Plaintiff worked as a rear load truck driver and as a tractor-trailer driver transporting trash and recyclables.

3. Denied. It is denied that Defendant violated Pennsylvania's Wage Payment and Collection Law ("WPCL"), the Pennsylvania Minimum Wage Act ("MWA"), or the Fair Labor Standards Act ("FLSA") because the company failed to pay overtime wages to Plaintiff or other similarly situated drivers, and strict proof at the time of hearing and/or trial is demanded.

4. Denied. It is denied that Plaintiff and/or other drivers similarly situated to Plaintiff and/or Plaintiff are entitled to any unpaid wages and/or liquidated damages, civil penalties, ancillary or injunctive relief, interest, attorneys' fees, costs, and/or any other relief, and strict proof at the time of hearing and/or trial is demanded.

## PARTIES

5. Admitted.

6. Denied. It is denied that Plaintiff has Pennsylvania wage claims and/or is an appropriate party to bring any such claims on behalf of any other drivers employed by Defendant, and strict proof at the time of hearing and/or trial is demanded.

7. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that Plaintiff's Pennsylvania wage claims are valid and/or that such a class meets the requirements of Rule 23 for class certification, and strict proof at the time of hearing and/or trial is demanded.

8. Admitted in part; denied in part. It is admitted that Defendant is a Pennsylvania corporation with offices in Audubon, Pennsylvania, that Defendant's annual revenue exceeds $500,000, and that it employs more than two persons. It is denied that Plaintiff and/or any other employees are members of the putative classes and/or collective within the meaning of Pennsylvania wage laws and the FLSA and/or that such are applicable to Defendant, and strict proof at the time of hearing and/or trial is demanded.

9. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that there are similarly situated drivers and/or that they are entitled to "opt in" to Plaintiff's action under the FLSA, 29 U.S.C. § 216(b), in that Defendant is under the jurisdiction of the U.S. Secretary of Transportation, and Defendant is exempt from paying overtime pursuant to § 13(b)(1) of the FLSA (29 U.S.C. § 213(b)(1)).

10. Denied. It is denied that Plaintiff is entitled to sue as a Plaintiff under the FLSA, and strict proof at the time of hearing and/or trial is demanded.

## JURISDICTION AND VENUE

11. The averments contained in this paragraph are conclusions of law to which no response is required.

12. The averments contained in this paragraph are conclusions of law to which no response is required.

13. The averments contained in this paragraph are conclusions of law to which no response is required.

14. The averments contained in this paragraph are conclusions of law to which no response is required.

15. The averments contained in this paragraph are conclusions of law to which no response is required.

## FACTS

16. Admitted in part; denied in part. It is admitted that part of Defendant's business is waste management. It is denied that Defendant is only involved in waste management, as it is

equally involved in collection, transportation, and processing of recyclable materials which are shipped out of state and/or out of the country.

17. Admitted in part; denied in part. It is admitted that part of Defendant's business involves waste collection services to, among others, public and private customers. It is denied that Defendant is only involved in waste collection services, as part of Defendant's business involves recyclable materials collection services to, among others, public and private customers, where the recyclable materials are processed and shipped out of state and/or out of the country.

18. Admitted in part; denied in part. It is admitted that Defendant employs drivers to perform waste collection services for its customers. It is denied that Defendant is only involved in employing drivers to perform waste collection services, as it employs drivers to perform recyclable materials collection services for its customers, where the recyclable materials are processed and shipped out of state and/or out of the country.

19. Admitted.

20. Admitted in part; denied in part. It is admitted that Plaintiff performed waste collection services. It is denied that Plaintiff only performed waste collection services for Defendant's customers, as Plaintiff also performed recyclable materials collection services for Defendant, where the recyclable materials that were collected and transported to a single stream recyclable materials processing facility were processed and shipped out of state and/or out of the country.

21. Denied. It is specifically denied that Defendant classified Plaintiff as non-exempt for overtime purposes, and strict proof at the time of hearing and/or trial is demanded. By way of additional response, Defendant classified Plaintiff's position as exempt.

22.     Admitted in part; denied in part. It is admitted that Plaintiff was assigned to a division of drivers who worked at Defendant's Bridgeport Division in Bridgeport, Montgomery County, Pennsylvania. It is specifically denied that Plaintiff and/or the division of drivers performed only waste collection services in Pennsylvania, and strict proof at the time of hearing and/or trial is demanded. By way of additional response, Plaintiff and other drivers regularly performed recyclable materials collection services, where the recyclable materials were collected and transported to a single stream reyclable materials processing facility, where the recyclable materials were processed and shipped out of state and/or out of the country.

23.     Denied. It is specifically denied that Defendant employed 40 or more drivers who performed waste collection services exclusively, and strict proof at the time of hearing and/or trial is demanded. By way of additional response, the Bridgeport Division also performed recyclable materials collection services, where the recyclable materials were collected and transported to a single stream recyclable materials processing facility where they were processed and shipped out of state and/or out of the country.

24.     Denied. It is specifically denied that Defendant classified other drivers as non-exempt, and strict proof at the time of hearing and/or trial is demanded.

25.     Admitted. By way of additional response, Plaintiff's compensation paid was in accordance with applicable federal and/or state law.

26.     Admitted. By way of additional response, Plaintiff's compensation was in accordance with applicable federal and/or state law.

27.     Admitted. By way of additional response, Defendant paid other drivers at its Bridgeport Division the same as Plaintiff was paid. Further, Defendant paid other Bridgeport Division drivers in accordance with applicable federal and/or state law.

28. Admitted.

29. Admitted. By way of additional response, it is admitted that other drivers at the Bridgeport Division worked more than 40 hours during one or more weeks while employed by Defendant and were paid in accordance with applicable federal and/or state law.

30. Denied. The averments in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that Plaintiff and/or other drivers were entitled to receive one and one-half times their hourly rate for each hour they worked in excess of 40 during a week, and strict proof at the time of hearing and/or trial is demanded.

31. Denied. It is denied that Defendant failed to pay all the overtime wages Plaintiff earned and/or that Plaintiff was entitled to overtime wages, and strict proof at the time of hearing and/or trial is demanded. By way of additional response, Defendant paid Plaintiff in accordance with the applicable federal and/or state law.

32. Admitted.

33. Denied. It is specifically denied that Plaintiff earned $92.07 in overtime for two hours of overtime he worked, and strict proof at the time of hearing and/or trial is demanded. By way of additional response, Plaintiff was paid the correct amount of overtime in that his total compensation for that week was $1,288.90. Dividing $1,288.90 by 42 hours worked equals $30.69 per hour. Take the hourly rate of $30.69 and multiply it by two hours equals $61.38 and then divide it by .5 = $30.69 for the two hours of overtime ($1,288.90 ÷ 42 = $30.69 x 2 x .5 = $30.69).

34. Denied. It is specifically denied that Defendant credited the regular wages of drivers toward overtime wages they earned, and strict proof at the time of hearing and/or trial is demanded.

35. Denied. It is specifically denied that Defendant credits the wages of drivers toward their overtime effectively failing to pay them overtime, and strict proof at the time of hearing and/or trial is demanded. By way of additional response, Defendant pays all drivers overtime even though their positions are exempt from overtime, consistent with the formula set forth in No. 33 above.

## CLASS AND COLLECTIVE ALLEGATIONS

### A. Pennsylvania wage claims class.

36. The averments contained in this paragraph are conclusions of law to which no response is required.

37. Denied. It is denied that Plaintiff and/or any others employed at Defendant's Bridgeport Division have any Pennsylvania wage claims, as the Defendant is exempt from any Pennsylvania wage claims by virtue of its exemption under the FLSA, 29 U.S.C. § 213(b)(1) and 43 P.S. § 333.105(b)(7).

38. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Plaintiff has no Pennsylvania wage claims, as the Defendant is exempt from any Pennsylvania wage claims by virtue of its exemption under the FLSA (29 U.S.C. § 213(b)(1)) and the MWA (43 P.S. § 333.105(b)(7)).

39. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Plaintiff worked at the Bridgeport Division, which was a separate and distinct geographical location, and it is denied that there are proposed classes that should be included, and strict proof at the time of hearing and/or trial is demanded.

40. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that there are common questions

of law or fact and/or that such are clear, precise, well-defined and applicable to Plaintiff and/or other drivers, and strict proof at the time of hearing and/or trial is demanded.

41. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that Defendant credited Plaintiff's regular wages toward his overtime wages and/or failed to pay him overtime, and strict proof at the time of hearing and/or trial is demanded.

42. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that there are classes that suffered damages and/or that Defendant is required to maintain standard operating procedures and/or uniform policy procedures or practices, and strict proof at the time of hearing and/or trial is demanded.

43. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that Plaintiff will fairly and adequately represent the interests of the class, and strict proof at the time of hearing and/or trial is demanded.

44. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Plaintiff does not have any valid Pennsylvania wage claims to pursue, and strict proof at the time of hearing and/or trial is demanded.

45. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, by virtue of Defendant's exemptions under both federal and state law, there are no valid Pennsylvania wage claims that can be pursued against Defendant, and strict proof at the time of hearing and/or trial is demanded.

46. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, by virtue of Defendant's exemptions under both federal and state law, there are no valid Pennsylvania wage claims that can be pursued against Defendant, and strict proof at the time of hearing and/or trial is demanded.

47. Denied. It is denied that there are "contours" of each class that can be easily defined, and strict proof at the time of hearing and/or trial is demanded.

48. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Plaintiff does not have any valid FLSA wage claims and, as a result, cannot bring a collective action, and strict proof at the time of hearing and/or trial is demanded.

49. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, there is no basis for a collective since Defendant is exempt under the FLSA overtime requirements, and strict proof at the time of hearing and/or trial is demanded.

50. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is specifically denied that Plaintiff's alleged claims meet the requirements for a collective, and strict proof at the time of hearing and/or trial is demanded.

51. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, it is denied that any potential opt-in plaintiffs were entitled to overtime and/or were not paid overtime, and strict proof at the time of hearing and/or trial is demanded.

## COUNT I
### Violation of the Pennsylvania Wage Payment and Collection Law
### § 260.1, et seq.

52. No response required.

53. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Plaintiff does not have any Pennsylvania wage claims in that Defendant was exempt to such wage claims pursuant to 43 P.S. § 333.105(b)(7).

54. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Plaintiff and/or other drivers do not have any Pennsylvania wage claims in that Defendant was exempt to such wage claims pursuant to 43 P.S. § 333.105(b)(7).

55. Denied. It is denied that Plaintiff and other drivers are entitled to any unpaid wages, liquidated damages, attorneys' fees and/or any other damages, and strict proof at the time of hearing and/or trial is demanded.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### § 333.101, et seq.

56. No response required.

57. Admitted in part; denied in part. It is admitted that Plaintiff attempts to assert this claim on behalf of himself and other drivers for Pennsylvania wage claims. It is specifically denied that Plaintiff has any Pennsylvania wage claims in that 43 P.S. § 333.105(b)(7) exempts Defendant from the overtime provisions of the Act. Moreover, to the extent the exemption does not apply, Plaintiff and other drivers were paid in accordance with 34 Pa. Code 231.43(b).

58. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Defendant was exempt from the overtime provisions of the Pennsylvania Minimum Wage Act pursuant to 43 P.S. § 333.105(b)(7), and to the extent this exemption was found not to apply, Defendant paid Plaintiff and other drivers in accordance with 34 Pa. Code 231.43(b).

59. Admitted in part; denied in part. It is admitted that Plaintiff and/or other drivers are seeking unpaid wages, attorneys' fees, costs and other damages. It is specifically denied that Plaintiff and/or other drivers are entitled to any unpaid wages, attorneys' fees, costs, and/or any other damages under the Pennsylvania Minimum Wage Act, and strict proof at the time of hearing and/or trial is demanded.

## COUNT III
### Violation of the Fair Labor Standards Act
### 29 .S.C. § 201, et seq.

60. No response required.

61. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Defendant was exempt from paying overtime wages pursuant to § 13(b)(1) of the FLSA. (See, 29 U.S.C. §213(b)(1).

62. The averments contained in this paragraph are conclusions of law to which no response is required. By way of additional response, Plaintiff does not have a valid claim, nor does the collective, since Defendant was exempt from paying overtime.

63. Admitted in part; denied in part. It is admitted that Plaintiff and/or other drivers are seeking unpaid wages, liquidated damages, attorneys' fees, costs and other damages. It is specifically denied that Plaintiff and/or other drivers are entitled to any unpaid wages, liquidated

damages, attorneys' fees, costs, and/or any other damages under the FLSA, and strict proof at the time of hearing and/or trial is demanded.

## JURY DEMAND

64. No response required.

## PRAYER FOR RELIEF

65. Defendant respectfully requests that the Court deny Plaintiff's numerous requests for relief as set forth in Plaintiff's Complaint, and, as a result, the Court should dismiss Plaintiff's Complaint and enter judgment in favor of Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Defendant asserts that Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment and/or release.

4. Plaintiff asserts that the claims in the Complaint are barred by payment in that Plaintiff received all compensation to which he was entitled under the FLSA.

5. Defendant is exempt from the overtime provisions of the FLSA.

6. Pursuant to Defendant's exemption under 29 U.S.C. § 213(b)(1), Plaintiff is an exempt employee and therefore the overtime provisions of the FLSA do not apply.

7. Defendant is under the jurisdiction of the U.S. Secretary of Transportation under the Federal Motor Carrier Act, 49 U.S.C. § 301, et seq. ("MCA") and, as such, is exempt from Plaintiff's wage claims (WPCL and MWA counts).

8. Plaintiff's Pennsylvania wage claims should not be certified as a class, as his Pennsylvania wage claims are not applicable pursuant to 49 P.S. § 333.105(b)(7).

9. Plaintiff was involved in the collection and/or transportation of recyclable materials which were transported out of state and/or out of the country, and, as such, involved in the continuous movement of commerce interstate, and his position was exempt under 29 U.S.C. § 213(b)(1) from the overtime provisions of both federal and state law.

10. Defendant relied upon prior U.S. Department of Labor Wage and Hour Division Audits of its Bridgeport Division (and other divisions), where the DOL Wage and Hour Division determined that the 13(b)(1) exemption to overtime requirements applied to Defendant's operations and, as such, Plaintiff's Complaint should be dismissed.

11. Plaintiff is not an appropriate party to adequately represent other drivers in a class and/or collective action, as his position is exempt from the overtime provisions of the FLSA and Pennsylvania wage claims.

12. Any additional monies that Plaintiff received were pursuant to 29 C.F.R. § 541.604 as additional compensation and did not negate Defendant's exemption from the overtime requirements.

13. Defendant paid Plaintiff overtime in accordance with 29 C.F.R. § 778.112 and 34 Pa. Code 231.43, and, as such, Defendant does not owe Plaintiff any additional wages for overtime.

14. Any additional compensation paid to Plaintiff besides overtime was de minimis and/or due to a once-in-a-lifetime pandemic and, as such, was not in violation of 29 C.F.R. § 778.112, 34 Pa. Code § 231.43, and/or other applicable federal and/or state law.

15. Pursuant to a prior settlement of a claim filed by Plaintiff with the Pennsylvania Department of Labor, Plaintiff released Defendant from any and all claims related to payment of additional compensation and therefore is barred from pursuing claims alleged in his Complaint.

16. Plaintiff is not entitled to liquidated damages or penalties, as Defendant acted in good faith.

17. Defendant's violation of any of the provisions of the FLSA was not willful and therefore the statute of limitations under the FLSA should be two years as opposed to three years.

18. Plaintiff's claims are barred, in whole or in part, pursuant to 29 U.S.C.S. § 259 and/or § 260.

19. Defendant's failure to pay compensation and/or overtime, if any, was de minimis and not a violation of applicable federal and/or state law.

20. Plaintiff reserves the right to raise any additional affirmative defenses as discovery may reveal.

/s/ Albert A. DeGennaro
Albert A. DeGennaro, Esquire
2650 Audubon Road
Audubon, PA  19403
484-398-6500
al.degennaro@jpmascaro.com

*Attorney for Defendant*