UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QURAN HERRINGTON,<br>on behalf of himself and all others<br>similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SOLID WASTE SERVICES, INC. d/b/a<br>JP MASCARO & SONS,<br><br>    Defendant. | Civil Action No. 2:24-cv-04902-JMY |

### JOINT REPORT OF RULE 26(f) MEETING

  In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Quran Herrington ("Plaintiff") and Defendant Solid Waste Services, Inc. d/b/a JP Mascaro & Sons ("Defendant") conferred on November 25, 2024, and submit the following report of their meeting for the court's consideration:

1. **Discussion of Claims, Defenses and Relevant Issues.**

  a.  **Plaintiff.**

i.  **Primary, threshold, and other issues.**

  The primary issue in this case is whether Defendant can prove that Plaintiff and other similarly situated drivers (the "Class") are exempt from receiving overtime wages. Plaintiff contends that Defendant will not meet that burden because it cannot prove that the Class's transportation of trash and recycling form part of a practical continuity of movement across state lines from the point of origin to the point of destination. The Class exclusively worked under

1

intrastate contracts, the continuity of movement of materials transported by the Class was sufficiently interrupted before the materials were moved across state lines, Defendant did not move the material across state lines, and Defendant did not have an original and persisting intent to move the materials across state lines when the Class transported them.

ii. **Discovery.**[1]

Plaintiff is pursuing his claims on class and collective bases. That means he needs information concerning the merits of his claims and the issues of certification. Specifically, Defendant's compensation practices and/or policies for the Class, the hours that the Class worked, the identities of the members of the Class, the contracts that the Class performed services under, the locations where the Class delivered the materials they transported, the ownership of the locations where the Class delivered the materials, the processing and disposal of the materials by the locations where the Class delivered the materials, the contracts for moving the materials across state lines, and information and/or documents concerning Defendant's defenses to Plaintiff's claims.

iii. **Motions.**

Plaintiff anticipates filing motions for class certification, collective certification, and summary judgment at the conclusion of discovery.

    b. **Defendant.**

i. **Primary, threshold, and other issues.**

There are two primary issues in this case: (1) whether Defendant is exempt from paying overtime wages; and (2) despite the exemption, whether Plaintiff has been paid overtime in

---

[1] Plaintiff reserves the right to seek additional discovery.

accordance with applicable law. Defendant contends that the exemption applies, as the recyclables (and possibly trash) have been transported out of state as part of a continuous stream of commerce; that Defendant arranged for the movement of these materials interstate, and that Defendant always had an original and persistent intent to move the materials across state lines. Also, that Defendant paid Plaintiff overtime. Under one or both of the above scenarios, Plaintiff is not a proper party to represent the collective or the class.

ii. **Discovery.**[2]

**Defendant will pursue discovery in establishing the existence of the exemption from overtime, as well as Defendant's paying Plaintiff overtime in accordance with applicable law.**

iii. **Motions.**

Defendant anticipates filing motions/responses opposing class and collective certification and summary judgment motion at the conclusion of discovery (Phase I and/or Phase II).

2. **Informal Disclosures.**

Pursuant to Fed. R. Civ. P. 26(a), the parties have made their initial disclosures. Plaintiff sent Defendant his initial disclosures on October 10, 2024, and Defendant sent Plaintiff its initial disclosures on October 16, 2024.

3. **Formal Discovery.**

The parties have been engaged in discovery since October 8, 2024. On November 19, 2024, parties participated in a meet and confer concerning Defendant's responses to certain discovery requests and agreed to bifurcate merits and class/collective discovery. The parties

---

[2] Defendant reserves the right to seek additional discovery.

propose that Phase I of discovery, concerning the merits of Plaintiff's claims, shall conclude on February 28, 2025. The parties also propose that Phase II of discovery, concerning class/collective issues, shall conclude on a date to be determined after the Court issues its decision(s) on any motion(s) for summary judgement concerning the merits of Plaintiff's claims.

The parties agree that bifurcating discovery and litigating the merits of Plaintiff's claims prior to the issue of class/collective certification shall not preclude Plaintiff from later moving to certify a class or collective. Specifically, Defendant agrees that if it does not prevail on a motion for summary judgment concerning the merits of Plaintiff's claims, Plaintiff shall be entitled to seek class/collective discovery and move to certify a class/collective.

**4.    Expert Witness Disclosures.**

The parties agree that expert witness disclosures shall occur during the relevant phase of discovery.

**5.    Early Settlement or Resolution.**

   **a.    Plaintiff.**

Plaintiff has proposed class mediation and remains willing to negotiate a settlement on a class basis.

   **b.    Defendant.**

Defendant is willing to consider ADR in accordance with Local Rule 53.3. However, it believes such is premature at this point in time.

**6.    Magistrate Jurisdiction**

The parties have discussed transferring the matter to the jurisdiction of a U.S. Magistrate Judge, and they do not agree to do so.

4

7.  **Trial date.**

The parties propose that a trial date be determined after the Court issues its decision on Plaintiff's motion for class/collective certification.

8.  **Other Matters.**

None.

Respectfully submitted,

| | |
|---|---|
| QURAN HERRINGTON, individually and on behalf all others similarly situated, | SOLID WASTE SERVICES, INC. d/b/a J. P. MASCARO & SONS, |
| By his attorneys, | By its attorney, |
| /s/ Brook S. Lane | /s/ Albert A. DeGennaro |
| James B. Zouras<br>STEPHAN ZOURAS, LLP<br>222 W. Adams St, Suite 2020<br>Chicago, Illinois 60606<br>Tel: (312) 233-1550<br>Fax: (3120 233-1560<br>jzouras@stephanzouras.com | Albert A. DeGennaro, Esquire<br>2650 Audubon Road<br>Audubon, PA 19403<br>Tel: 484-398-6500<br>al.degennaro@jpmascaro.com |
| Brook S. Lane, Esq.<br>*Pro hac vice* forthcoming<br>FAIR WORK, P.C.<br>192 South Street, Suite 450<br>Boston, MA 02111<br>T: (617) 607-3260<br>F: (617) 488-2261<br>brook@fairworklaw.com | Dated: November 26, 2024 |
| Dated: November 26, 2024 | |