# EXHIBIT 1

Docusign Envelope ID: 0E01BB00-D575-400F-B0AD-78234 1A2 1872

## SETTLEMENT AGREEMENT

*Quran Herrington, et al., v. Solid Waste Services, Inc. d/b/a JP Mascaro & Sons*
E.D. Pa. Civil Action No. 2:24-cv-04902-JMY

This Settlement Agreement is made and entered into by and between Plaintiff Quran Herrington ("Plaintiff"), for and on behalf of himself and the putative Fed. R. Civ. P. 23 class and FLSA collective, and Defendant Solid Waste Services, Inc. d/b/a JP Mascaro & Sons. ("JP Mascaro" or "Defendant"). The putative Fed. R. Civ. P. 23 class and FLSA collective consist of all individuals who worked at any time for Defendant as a garbage truck driver at Defendant's location in Bridgeport, Pennsylvania between September 16, 2021 and December 31, 2024. The parties agree to resolve this case on the following terms:

1.      **Payments.**

Subject to the Court's final approval of this Settlement Agreement, JP Mascaro will remit $187,500.00 (the "Settlement Fund") to the designated Settlement Administrator (described in paragraph 5 below), which will distribute the funds as follows:

   a.      A minimum of $98,500 to be distributed to members of the putative Fed. R. Civ. P. 23 class and FLSA collective, proportional to their damages as calculated by the parties.

   b.      A $5,000.00 dispute fund, which shall be held during the issuance of notice to resolve disputes that may arise. Plaintiff's counsel shall be responsible for making determinations about how to resolve disputes. After the close of the notice period and before issuance of payments, any amounts not used from the dispute fund shall be redistributed on a pro rata basis to the putative Fed. R. Civ. P. 23 class and FLSA collective.

   c.      Up to $2,500 to be paid as a service payment to Plaintiff Quran Herrington.

   d.      Up to $62,500 to Plaintiff's counsel for attorneys' fees.

   e.      Up $12,000 to Plaintiff's counsel for expenses and litigation costs.

   f.      Up to $12,000.00 to engage a Settlement Administrator to handle the claims process and remit distributions to the putative Fed. R. Civ. P. 23 class and FLSA collective.

2.      **Payroll Taxes.**

   a.      Other than for service awards, 1/3 of the distributions remitted to the Rule 23 and FLSA collective members shall be deemed payment of alleged unpaid wages, subject to all legally required withholdings, including garnishments, liens, wage withholding orders, and regular employee tax withholding, and reported on an

1

IRS Form W-2. Withholdings and deductions will be made based on the last known information for each Rule 23 and FLSA collective members. If additional information is needed to determine withholdings and deductions, the Settlement Administrator will request it from the Parties. The Settlement Administrator will be responsible for remitting all tax payments.

b.  The remaining 2/3 of the settlement payments shall be deemed compensation for interest, penalties, and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.

c.  Any service award approved by the Court will be treated entirely as non-wage payments for tax purposes and reported on an IRS Form 1099.

d.  Each party shall bear their own tax liability in connection with the settlement payments under this Agreement.

3.  **Release of Claims.**

a.  In exchange for the payments under this agreement and subject to Court approval of the settlement, the putative Fed. R. Civ. P. 23 class and FLSA collective members irrevocably and unconditionally release all wage-and-hour claims that they have asserted or could have asserted in this action against JP Mascaro and any of its insurers, attorneys, directors, officers, board members, fiduciaries, employees, agents, successors, assigns or parent corporations or subsidiaries. Released claims include any and all such claims as of the date of the Court's approval of the agreement and arising under the FLSA, Pennsylvania Wage Laws, any other federal, state, or local law or regulation, and any such common law claims in connection with the claims that they have asserted or could have asserted in this action.

b.  The putative Fed. R. Civ. P. 23 class and FLSA collective members' release of claims will be effective upon the Court's final approval of the settlement. The Rule 23 or FLSA Collective members' release of claims for attorneys' fees and costs shall be effective upon the entry of a final order on Plaintiffs' request for attorneys' fees and costs. The Court's ruling on attorneys' fees and costs will not alter the scope or effectiveness of the releases as to the underlying claims.

4.  **Settlement Administrator.**

The parties shall retain a mutually agreed upon Settlement Administrator. Said Administrator shall be responsible for sending notice to members of the putative Fed. R. Civ. P. 23 class and FLSA collective, responding to members' inquiries, receiving objections and requests for exclusion from the settlement and address updates, issuing payments and tax forms to members, and any other administration duties necessary to administer the settlement.

2

5.    **Request for Court Approval.**

The parties shall seek approval of the settlement as follows:

a.    Promptly after the execution of this Settlement Agreement, Plaintiff shall file a motion for preliminary settlement approval, which requests approval of the notice to members of the putative Fed. R. Civ. P. 23 class and FLSA collective, attached as Exhibit A, permission to send the notice to the members, and the scheduling of a final settlement approval hearing approximately four months after the filing of the preliminary approval motion;

b.    The Settlement Administrator shall issue the notice to members of the putative Fed. R. Civ. P. 23 class and FLSA collective within 20 business days after the date the Court grants preliminary settlement approval.  The notice will be sent via first-class mail.

c.    Members of the putative Fed. R. Civ. P. 23 class and FLSA collective shall be given sixty days to submit a claim, and thereby opt in to the FLSA collective for settlement purposes, object to the proposed settlement, or request exclusion from the Fed. R. Civ. P. 23 class or FLSA collective for purposes of the settlement.

d.    Plaintiff's counsel will file a final settlement approval motion approximately thirty days after the deadline for members of the putative Fed. R. Civ. P. 23 class and FLSA collective to object to or request exclusion from the settlement.

e.    If the Court does not grant preliminary and/or final approval of the settlement, the parties agree to work cooperatively to address any concerns raised by the Court. If the Court ultimately does not approve the settlement, this Settlement Agreement becomes void, and neither party is bound to it.

6.    **Payment and Distribution of Settlement Fund.**

a.    No later than 10 business days after the date the Court grants final approval of the settlement, JP Mascaro shall remit payment of the Settlement Fund to the Settlement Administrator. Within 10 business days after receipt of the Settlement Fund, the Settlement Administrator shall issue the distributions detailed above in Section 1.

b.    Members of the putative Fed. R. Civ. P. 23 class and FLSA collective will have 90 days to negotiate their checks.

c.    At the end of the 90 days, the Settlement Administrator will contact any members of the putative Fed. R. Civ. P. 23 class and FLSA collective who have not yet negotiated their checks and reissue them as necessary.

3

d.  After reasonable efforts have been exhausted to locate any members of the putative Fed. R. Civ. P. 23 class and FLSA collective who do not cash their checks, any remaining funds will be redistributed to members who cashed their checks proportionally based on their original allocation of the settlement funds. Any checks that remain uncashed after 90 days will be deposited in the name of the recipient member in the unclaimed property divisions for the recipient member's respective state.

## 7.  No Admission of Liability.

By entering into this agreement, JP Mascaro admits no liability of any kind, and expressly denies that it has violated any federal, state or local law regarding payment of wages, and denies any other liability or wrongdoing. This agreement shall not be admissible in any court or other proceeding ex agreement or an effort to enforce this agreement.

## 8.  Governing Law.

The enforcement of this agreement shall be governed and interpreted by and under the laws of the state of Pennsylvania regardless of whether any party is or may hereafter be a resident of another state.

## 9.  Authority.

a.  Each party executing this agreement, any of its exhibits, and/or any related document on behalf of any party hereto warrants that such person has the authority to do so.

b.  By signing this agreement, any of its exhibits, and/or any related document, Plaintiff Quran Herrington accepts this agreement on his own behalf and as putative class representative/lead Plaintiff on behalf of the Fed. R. Civ. P. 23 class and FLSA collective members.

c.  Any person signing this agreement, any of its exhibits, and/or any related document on behalf of JP Mascaro affirms and warrants that he or she is duly authorized by JP Mascaro to execute this agreement or any such related documents.

## 10.  Service or Notice.

Whenever, under the terms of this agreement, a person is required to provide service or written notice to Defendant or Plaintiffs, such service or notice shall be directed to the individuals and addresses specified below:

4

Docusign Envelope ID: 0E01BB60-D373-406F-B0AD-78234 1A21872

As to Plaintiff:

Brook S. Lane
Fair Work, P.C.
192 South Street, Suite 450 Boston, MA 02111
Phone: 617.607.3260
Email: brook@fairworklaw.com

As to Defendant:

Albert A. DeGennaro, Esquire
J. P. Mascaro & Sons
2650 Audubon Road
Audubon, PA  19403
Phone:  484-398-6500
Email:  al.degennaro@jpmascaro.com

**11.    Extension of Time.**

The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this agreement, without further notice to the Court, subject to Court approval as to Court dates.

**12.    No Waivers, Modifications, Amendments.**

This settlement agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this agreement. No waiver, modification, or amendment of the terms of this agreement, whether purportedly made before or after the Court's approval of this agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval, Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this agreement shall not be deemed a waiver of any of the other provisions of this agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this agreement.

**13.    Dismissal with Prejudice.**

All claims asserted in this action shall be dismissed with prejudice promptly following the final ruling approving the settlement, including the final resolution of objections, if any.

**14.    Court Retains Jurisdiction to Enforce Agreement.**

The United States District Court for the Eastern District of Pennsylvania shall retain continuing jurisdiction with respect to the implementation and enforcement of the terms of the agreement, to

5

the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the agreement.

## 15.    Agreement to Cooperate.

The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this agreement.

## 16.    Counterparts.

The parties may execute this agreement in counterparts, and execution in counterparts shall have the same force and effect as if all parties had signed the same instrument. Any signature made electronically for the purpose of executing this agreement shall be deemed an original signature for purposes of this agreement and shall be binding upon the party who signed the agreement or whose representative signed the agreement.

## 17.    Captions.

The captions or headings of the paragraphs in this agreement are inserted for convenience or reference only and shall have no effect upon the construction of interpretation of any part of this Agreement.

Quran Herrington, on behalf of himself
and the class and collective

Date: 11/10/2025

Solid Waste Services, Inc. d/b/a J.P. Mascaro
& Sons

Printed name:    Pasquale N. Mascaro

Position:    President

Date:    November 17, 2025

[END OF DOCUMENT]

6