UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

QURAN HERRINGTON, ET AL on behalf of
themselves and others similarly situated,

Plaintiff,

-against-

SOLID WASTE SERVICES, INC. d/b/a JP
MASCARO & SONS
              Defendant.

Case No. 2:24-cv-04902-JM

**DECLARATION OF JONATHAN
PAUL RE NOTICE PROCEDURES**

1

I, Jonathan Paul, declare as follows:

1.  I am the CEO at Xpand Legal ("Xpand"), a class action settlement administrator that has been retained by the parties to serve as the Settlement Administrator for the settlement in the above referenced action. Xpand is located in Irvine, California. I am over 21 years of age and am not a party to this action. I am responsible for supervising the settlement services provided by Xpand for this matter. The facts set forth herein are true of my own personal knowledge and I am informed and believe them to be true. If called as a witness, I could and would competently testify thereto.

## I.    EXPERIENCE

2.  Xpand specializes in class action notification and claims administration, including telephone support and web-based support, direct mail services, claims processing, and settlement fund distribution. Xpand has extensive experience in class action matters, having provided services in class actions ranging in size from 17 to 350,000 Class Members. Attached hereto as **Exhibit A** is a true and correct copy of Xpand's CV, reflecting our primary competencies as they relate to class action settlement administration.

## II.    OVERVIEW OF XPAND LEGAL'S RESPONSIBILITIES

3.  Xpand's responsibilities in administering the settlement in this action to date have included the following: (a) Establishing a settlement Qualified Settlement Fund ("QSF"); (b) Mailing the Settlement Class Notice to Class Members; (c) Securing a post office box to which Class Members can send Requests for Exclusions, Objections and other communications; (d) Establishing a toll-free telephone number which provides Class Members with information about the proposed Settlement; and (e) calculating distribution amounts to Class Members in accordance with the Agreement.

## III.    CLASS NOTICE

4.  In accordance with the Settlement Agreement, one of Xpand's primary responsibilities was to cause the Class Notice to be mailed to all known Class Members by first-class mail. On February 23, 2026, Xpand received from Defense Counsel a file containing 268

records, which contained the names, addresses, hire and termination dates, and SSNs for known Class Members. As part of the preparation for mailing, Xpand ran all 268 records with a mailing address through the National Change of Address database (NCOA) and received updated addresses for 22 records. The addresses for all 22 records were updated prior to mailing. On March 3, 2026, Xpand mailed a Class Notice to all 268 Class Members. A true and correct copy of the mailed Class Notice is attached hereto as **Exhibit B**. As of June 1, 2026, 13 Notices had been returned as undeliverable without a forwarding address. These records were sent out for skip-tracing, and updated addresses were received for 8 records. As of June 1, 2026, 5 Notices remain undeliverable.

### IV.    CLAIMANT COMMUNICATION

5.      Xpand established Post Office Box 51570, Irvine, CA 92619 to receive written communication from Class Members, including correspondence, requests for exclusion or copies of written objections.

6.      As of June 1, 2026, Xpand had received 47 timely Claim Forms.

7.      As of June 1, 2026, Xpand had received 1 late Claim Form.

8.      As of June 1, 2026, Xpand had received zero timely requests for exclusion.

9.      As of June 1, 2026, Xpand had received zero objections to the settlement.

10.     The deadline for requesting exclusions and submit objections was May 1, 2026.

### V.    TELEPHONE SUPPORT

11.     Xpand established a toll-free number to allow Settlement Class Members to call our agents and answer any questions or request more information

12.     On February 23, 2026, Xpand activated a toll-free number, 888-557-773, which allows Class Members to receive information and provide answers about the settlement, and allows Class Members to request a Class Notice.

13.     As of June 1, 2026, Xpand has received zero phone calls.

///

3

## II.    CLASS LIST AND PRELIMINARY DISTRIBUTION CALCULATIONS

14.    Xpand received the necessary information from Defendant for each Class Member, including their name, address, position, hire and termination dates each Class Member worked during the Class Period. The Class List comprises 47 class members.

15.    Pursuant to the Settlement Agreement and the Court's approval, Xpand will deduct from the Gross Settlement Amount of $187,500.00 the following Court-approved payments: $62,500.00 in Class Counsel fees; $12,000.00 in Class Counsel costs; a Service Payment of $2,500.00 to the Named Plaintiff, Quran Herrington; a $5,000.00 Dispute Fund; and administration costs of $8,500.00 payable to the Xpand Settlement Administrator. After these deductions, the Net Settlement Amount is $97,000.00, to be distributed in accordance with the terms of the Settlement Agreement and the allocation formulas agreed upon by the Parties.

Dated: June 1, 2026

Jonathan Paul

4

# EXHIBIT "A"

# XPAND

**ABOUT XPAND**

Xpand is a fast-growing legal administration firm. With over 20 years of industry experience, CEO, Jonathan Paul, leverages his subject matter expertise to ensure excellence is at the core of all we do. Starting his legal administration career as a Project Manager, he later advanced into positions such as Senior Vice President at one of the largest administrators in the country and President of Sales & Marketing for a long-standing boutique firm. He now works closely with the project and case teams to ensure best in class processes are followed.

COO, Tiffany Paul, comes with over a decade of experience at one of the largest consumer goods companies in the world. Coupled with the successful launch and scale of her own startups, Tiffany brings creative solutions to a field that has a tendency to be stuck in its ways and has improved dozens of processes during her tenure running legal administration projects.

The case management team has been involved in projects spanning several practice areas, including:

- Data Breach
- Consumer Protection
- Discrimination
- Mass Tort
- PAGA

- Personal Injury
- Product Liability
- Wage and Hour
- ERISA
- Antitrust

**ABOUT OUR STRATEGY**

Xpand's taking a fresh look at the processes and procedures that have dominated the legal administration space for decades and quickly finding there is plenty of opportunity to innovate.

We've partnered with industry leaders in HR, IT, printing, telecom, banking, and tax reporting to build solutions that meet the needs of any project. Whether it's a small wage & hour case in need of cost effective administration or a multi-tiered mass tort case in need of sophisticated implementation, Xpand has the solution. We spend the time understanding the clients' needs before deploying the right resources in as quickly as 24 hours, allowing law firms to continue their day to day without disruption.

# XPAND

**ABOUT OUR SERVICES**

Xpand is growing quickly and regularly adding services to our repertoire, but currently offers:

- Notification
- Project Management
- Print & Mail
- Call Center
- Legal Advertising
- Website Development
- Forms Processing
- Client Intake
- Address Location
- Data Management
- Qualified Settlement Fund (QSF) Management
- Fund Distribution
- Tax Reporting
- Medical Record Review
- Lien Resolution

**ABOUT OUR EXPERIENCE**

Some of the cases Xpand has managed:

- *Ramirez, et al. v. S&E Gourmet Cuts, Inc., Superior Court of California, County of San Bernardino, Case No. CIVSB2201247*
- *Johnson v Investment Concepts, Superior Court of CA, County of San Diego, Case No. 37-2022-00018300-CU-NP-CTL*
- *Chavis v. Grocery Outlet, Superior Court of California, County of Sacramento, Case No. 34-2021-00309003-CU-OE-GDS:*
- *Busby v. Mission Loans, LLC, et al., Superior Court of California, County of Los Angeles, Case No. 23STCV07682*
- *Barton v. United Development Group, Inc., Superior Court of CA County of SD, Case No. 37-2021-00039885-CU-OE-CTL*
- *Fleschert v. Cedars-Sinai Medical Center, Superior Court of California, County of Los Angeles, Case No. 19STCV05681*
- *Cruz, et al. v. Los Compadres Restaurant, Inc., Superior Court of CA, County of Los Angeles*
- *Aguero, et al. v. SR Long Beach FD, et al., Superior Court of CA, County of Los Angeles, Case No. BC650977*
- *Arizmendi v. Diamond Environmental, Superior Court of CA, County of San Diego, Case No. 37-2023-00051655-CU-OE-CTL*
- *Ascencio v. Kumar Hotels, Superior Court of CA, County of Tehama, Case No. 23C1-00020*
- *Betancur v. Pride Conveyance Systems, Inc., Superior Court of CA, County of San Benito, Case No. CU-21-000022*
- *Britton v. Rice Wings, LLC, Superior Court of Washington, County of King at Kent, Case No. 23-2-09301-1 KNT*
- *California Truck Centers, Superior Court for the State of California, San Joaquin County Superior Court, Case No. STK-CV-UOE-2023-0006967*
- *Calkins v. United Security, Superior Court of CA, County of Los Angeles, Case No. 20STCV35391*
- *Clayton v. Soho House, LLC, et al., Superior Court of CA, County of Los Angeles, Case No. 24SMCV02114*
- *Flores v. JR & MRP, Superior Court of CA, County of Los Angeles, Case No. 56-2021-00557205-CU-OE-VTA*

# XPAND

- *Gatica-Castro v. Specialty Team Plastering, Inc., Superior Court of CA, County of Santa Barbara, Case No. 22CV01120*
- *Guinto v. C&K Market, Superior Court of CA, County of Siskiyou, Case No. SCCV-CVCV-2021-964*
- *Hawkins, et al. v. Ontel Security Services, Inc., Superior Court of CA, County of Stanislaus, Case No. CV-20-005404*
- *Horowitz v. Skywest Airlines, Inc. United States District Court Northern District of CA – San Francisco, Case No, 21-CV-04674-MMC*
- *Huffman v. K&M Casinos, Inc., Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960*
- *Kaiser v. Equity Residencial Management, Superior Court of CA, County of Los Angeles, Case No. 21STCV42487*
- *Lambert v. Dual Diagnosis PAGA, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. BC616149*
- *Laninovich v. Bear Valley Springs, Superior Court of CA for the County of Kern, Case No. BCV-21-102750-BCB*
- *LaVia v. Curaleaf Holdings, Inc., Supreme Court of the State of NY, County of Nassau, Case No. 610309/2024*
- *Lopez v. DH Long Point Management LLC, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. 21STCV35029*
- *Mayorga, et al. v. Qualawash Holding, LLC, et al., Superior Court of CA, County of Los Angeles, Case No. 23STCV00914 and 23NWCV00148*
- *McLane v. GoPlus Corp, Superior Court of CA, County of San Bernadino- Civil Division- Complex, Case No. C1VDS1819150*
- *Mireles v. Lodi Memorial Hospital, Superior Court of CA, County of San Joaquin, Case No.STK-CV-UOE-2020-0004458*
- *Moreno, et al. v. Infiniti Group, LLC, et al., Superior Court of CA, County of San Bernadino, Case No. C1VSB2223551*
- *Norfleet v. RevCore Recovery Center, Supreme Court of the State of New York, Case No. 617754/2023*
- *Norris v. CG Hospitality Group, Inc., Superior Court of CA, County of Los Angeles, Case No. 23STCV12946*
- *Pascual v. Heritage on the Marina, Superior Court of CA, County of San Francisco, Case No. CGC-23-607790*
- *Pipich, et al. v. O'Reilly Auto Enterprises, LLC, et. al., United States District Cour for the Southern District of CA, Case No. 3:21-cv-00120-L-JLB*
- *Sanchez v. JR Pierce Plumbing, Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960-CU-OE-GDS*
- *Sanchez v. MiTac Information Systems Corp., et al., Superior Court of CA, County of Alameda, Case No. 22CV005940*
- *Santos v. Replanet Packaging, Superior Court of CA, County of Tulare, Case No. VCU285878*
- *Sim v. Maddox Resources, Inc., Superior Court of CA, County of Los Angeles, Case No. 22STCV20798*
- *Sorensen v. P.F. Automotive, Superior Court of CA, County of San Diego, Case No. 37-2023-0025169-CU-OE-CTL*
- *Sproul v. IKEA, Superior Court of CA, County of Kern, Case No. BCV-20-101600*
- *Tellez v. Mercy Housing Management, Superior Court of CA, County of Alameda, Case No. 23CV031003*
- *Touch v. Cox Automotive, United States District Court Eastern District of CA, Case No. 2:23-cv-09145-TLN-CSK*
- *Trimmer, et al. v. Barclay Water Management, Inc., Supreme Court of the State of New York, New York County, Case No. 653139/24*

# XPAND

- *Vasquez v. PJ Farm Labor, Superior Court of CA, County of Kings, Case No. 22C-0382*
- *Wolff v. Enterprise Fleet Management, Inc., Superior Court of CA, County of Los Angeles, Case No. 23STCV16885*
- *Wright v. Home Box Office, Inc., et al, Superior Court of CA, County of Los Angeles, Case No. 21STCV19636*
- Mass Tort: Several medical device, pharmaceutical cases, natural disaster, fire and sexual abuse cases which are confidential.

# EXHIBIT "B"

*Herrington, et al., v. Solid Waste Services, Inc.*
c/o Xpand Legal Consulting, LLC
PO Box 51570
Irvine, CA 92619

Xpand ID: SWS001CR
Quran J Herrington
6162 Old York Rd
Philadelphia, PA 19141-1934

**NOTICE OF SETTLEMENT FOR CURRENT AND FORMER DRIVERS FOR SOLID WASTE SERVICES, INC. D/B/A JP MASCARO & SONS**

*Quran Herrington, et al., v. Solid Waste Services, Inc. d/b/a JP Mascaro & Sons*
E.D. Pa. Civil Action No. 2:24-cv-04902-JMY

***Please read carefully. Your legal rights may be affected.***

**This is not a solicitation from a lawyer. The United States District Court for the Eastern District of Pennsylvania authorized this Notice.**

TO: Quran J Herrington

• A proposed settlement has been reached in this case on behalf of individuals who worked for Solid Waste Services, Inc. d/b/a JP Mascaro & Sons ("JP Mascaro") as a garbage truck driver at its location in Bridgeport, Pennsylvania at any time between September 16, 2021 and December 31, 2024. The case is called *Quran Herrington, et al., v. Solid Waste Services, Inc. d/b/a JP Mascaro & Sons*, and it is pending in the United States District Court for the Eastern District of Pennsylvania, E.D. Pa. Civil Action No. 2:24-cv-04902-JMY.

• The settlement involves monetary compensation for three claims that may affect you: (1) a claim under the federal Fair Labor Standards Act ("FLSA") that JP Mascaro may have improperly calculated overtime owed to you between September 16, 2021 and December 31, 2024 ("the FLSA Claim"); (2) a claim under the Pennsylvania Minimum Wage Act that JP Mascaro may have improperly calculated overtime owed to you between September 16, 2021 and December 31, 2024 ("the Pennsylvania Minimum Wage Act Claim"); and (3) a claim under the Pennsylvania Wage Payment and Collection Law that JP Mascaro may have improperly calculated overtime owed to you between September 16, 2021 and December 31, 2024 ("the Wage Payment and Collection Law Claim").

• Although JP Mascaro denies that it improperly calculated any employee's overtime wages between September 16, 2021 and December 31, 2024, and/or violated any of the above statutes, it has voluntarily agreed to enter into this proposed settlement.

• You are receiving this notice because you have been identified as a person potentially eligible to join or otherwise affected by this settlement. You have the following four options relating to the lawsuit.

## SECTION 1: YOUR OPTIONS REGARDING THE SETTLEMENT

You have the following options:

**(1)     Submit a Claim Form:** If you wish to receive your settlement payment, you must submit a claim form no later than **May 1, 2026**.

You may submit your Form to the Settlement Administrator via mail, email, or facsimile. The Settlement Administrator's contact information is in Section 7 below.

Your signed Form must be submitted electronically or by facsimile or postmarked by May 1, 2026.

**(2)     Do nothing**: If you do nothing, your right to pursue the Minimum Wage Act Claim and the Wage Payment and Collection Law Claim will be released (meaning you cannot pursue those claims), but you will not receive a monetary payment from the settlement. You will not be releasing the FLSA Claim. However, there are deadlines for filing FLSA claims, and the deadline for you to file such a claim (outside of this settlement) may have expired.

**(3)     Exclude yourself from the settlement**: If you wish to be excluded from the settlement as to the Minimum Wage Act Claim and the Wage Payment and Collection Law Claim, you must send a request to be excluded from the class to the Settlement Administrator. To be effective, the request for exclusion must include: (i) your full name, address, email address, and telephone number; (ii) a statement that you request to be excluded from the settlement and understand that you will not be eligible to recover any money as part of the settlement; and (iii) your signature and the date. Requests for exclusion must be sent to the Settlement Administrator at the address set forth above and in Section 7 by mail, email, or facsimile, and must be submitted or postmarked by **May 1, 2026. If you exclude yourself from the settlement, you will not receive any monies from the settlement**.

**(4)     Object to the settlement**: You may object to the settlement. If you object and the settlement is approved, you will release all claims as described in Section 4, above, as applicable to you. If you intend to object, you may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

Any objection to the settlement must include: (i) your full name, address, email address, and telephone number; (ii) a written statement of all grounds for the objection; (iii) a statement whether you intend to appear at the Final Fairness Hearing; and (iv) your signature and the date. If you intend to appear at the Final Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Final Fairness Hearing. Objections must be sent to the Settlement Administrator at the address set forth above and in Section 7, below, by mail, email, or facsimile, and must be submitted or postmarked by May 1, 2026.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. If you object to the settlement but would like to receive the full amount to which you are entitled if your objection is overruled by the Court, then you **must** submit a Claim Form in addition to your objection no later than May 1, 2026. If you submit an objection but do not submit a Claim Form and your objection is overruled, then you will not receive a monetary payment from the settlement.

*Please note that it is unlawful for JP Mascaro to take any action against you for participating in this lawsuit.  The claims process is confidential and your co-workers and managers will not know whether you joined the settlement, nor will that information be publicly available unless otherwise required by a court order.*

## SECTION 2: DESCRIPTION OF LAWSUIT

This case was originally filed on September 16, 2021. Plaintiff has made several claims in this lawsuit relating to his time as a garbage truck driver for JP Mascaro at its location in Bridgeport, Pennsylvania including three claims for which monetary compensation is available under this settlement.

Plaintiff have claimed that JP Mascaro did not pay garbage truck drivers at its location Bridgeport, Pennsylvania at any time between September 16, 2021 and December 31, 2024 the full amount of overtime wages they earned in violation of the FLSA, the Pennsylvania Minimum Wage Act Claim and the Pennsylvania Wage Payment and Collection Law Claim

JP Mascaro denies Plaintiff's allegations and maintains that it properly paid Plaintiff and all other garbage truck drivers who worked at its location in Bridgeport, Pennsylvania. The Court made no decisions about whether Plaintiff is correct in his allegations. Defendant has decided that it is a better use of their resources to resolve this matter now, so that they can direct their time and resources to their business operations and, thereby, to the welfare of all of their employees and customers.

## SECTION 3: SETTLEMENT BENEFITS AND TERMS

The parties have agreed to settle the case on behalf of all affected individuals for $187,500. Subject to Court approval, this amount shall be divided as follows:

(1)     Up to 1/3 ($62,500.00) in attorneys' fees for Class Counsel.

(2)     Up to $2,500.00 for Plaintiff Quran Herrington for his service as named plaintiff in the case.

(3)     Up to $12,000.00 for the costs of claim and settlement administration and Class Counsel's reasonable litigation costs.

(4)     A dispute fund of $5,000.00 to resolve claim disputes and reasonable late claims.

(5)     Up to $12,000.00 in litigation costs for Class Counsel.

(6)     The remaining amount (at least $97,000.00) to be distributed to claiming class members.

The amounts paid to claiming class members shall be distributed proportionally based on the estimated number of overtime hours they worked between September 16, 2021 and December 31, 2024, or $25, whichever amount is greater. No amount shall revert to the Defendants. Amounts that are not claimed shall be redistributed to those class members who submitted claim forms.

The Court has ultimate authority to accept, reject, or modify the attorneys' fees, the additional amounts for the named plaintiffs, and the award of costs, and the settlement is not contingent on the Court's approval of the amounts requested for those items.

One-third of your settlement payment shall be considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes, and reported on an IRS Form W-2. Two-third of your settlement payment shall be considered compensation for the interest, penalties and liquidated damages, and will not be subject to payroll withholdings, and will be reported on an IRS Form 1099.

Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement, including the non-monetary relief provided pursuant to the settlement, which is described below. No attorneys involved in this settlement can provide you with tax advice.

## SECTION 4: RELEASE OF CLAIMS

### Class Member Release

If you are eligible and participate in the settlement by submitting a claim form , or you do not submit a request for exclusion from the settlement as to the Minimum Wage Act Claim and the Wage Payment and Collection Law, (as described in more detail in Section 1, above), then, as part of this settlement (subject to Court approval), you will release the following claims against JP Mascaro:

> All wage-and-hour claims that you have asserted or could have asserted in this action against JP Mascaro and any of its insurers, attorneys, directors, officers, board members, fiduciaries, employees, agents, successors, assigns or parent corporations or subsidiaries. Released claims include any and all such claims as of the date of the Court's approval of the agreement and arising under the FLSA, Pennsylvania wage laws, any other federal, state, or local law or regulation, and any such common law claims in connection with the claims that they have asserted or could have asserted in this action.

You may obtain a copy of the complaint filed in this case by contacting the Settlement Administrator at the contact information in Section 7 below. You may also contact Class Counsel (contact information in Section 8 below) for more information about the scope of claims in this case.

If you do not opt in to the FLSA class, then this release would not cover those claims. All persons who submit a valid request for exclusion from the settlement for the Minimum Wage Act Claim and the Wage Payment and Collection Law Claim are not bound by this release.

## SECTION 5: NEXT STEPS

The Court has preliminarily approved the settlement and has scheduled a Final Approval Hearing to take place before the Honorable John M. Younge, in the United States District Court for the Eastern District of Pennsylvania on Wednesday, June 10, 2026, at 12:30 PM Eastern Time in Courtroom 15-B at 601 Market Street, Philadelphia, Pennsylvania 19106. The purpose of the hearing is for the Court to decide whether the proposed settlement is fair, reasonable, and adequate as to the Class and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel and what amount should be awarded as additional amounts to the named plaintiff. To confirm that the hearing is going forward on the scheduled date and time and/or to inquire about appearing at the hearing by telephone or video conference, please contact the Settlement Administrator or Class Counsel (contact information in Sections 7 and 8, below).

Class Counsel will file a motion for attorneys' fees and costs by May 27, 2026. If you would like to receive a copy of that motion, please contact the Settlement Administrator or Class Counsel (contact information in Sections 7 and 8, below) after that date.

**SECTION 6: QUESTIONS ABOUT THIS NOTICE**

If you have any questions regarding this Notice, you can contact the Settlement Administrator toll-free at (888) 557-2773 or via email at classaction@xpandlegal.com. The full contact information for the Settlement Administrator is:

***Herrington, et al., v. Solid Waste Services***
c/o Xpand Legal Consulting, LLC
PO Box 51570
Irvine, CA 92619-9801
Toll-free: (888) 557-2773
Fax: (949) 996-7556
classaction@xpandlegal.com

**SECTION 7: CLASS COUNSEL**

Participating class members will be represented by the following attorney, who has been preliminarily appointed by the Court to represent the drivers as Class Counsel.

Contact information for Class Counsel is:

Brook S. Lane, Esq.
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02116
Email: brook@fairworklaw.com
Telephone: 617-607-3260

**THIS PAGE LEFT INTENTIONALLY BLANK**

*Quran Herrington, et al., v. Solid Waste Services, Inc. d/b/a JP Mascaro & Sons*
E.D. Pa. Civil Action No. 2:24-cv-04902-JMY

**CLAIM FORM AND RELEASE OF CLAIMS**

I understand that I am a member of the class(es) identified in the Notice of Settlement that I received, and that I may have certain potential claims against Solid Services, Inc. d/b/a Mascaro & Sons which are described in more detail in the Notice of Settlement as the FLSA Claim; the Pennsylvania Minimum Wage Act Claim; and the Wage Payment and Collection Law Claim.

I have read the notice and I understand the information in it.  I hereby consent to participate in this settlement pursuant to the FLSA, 29 U.S.C. § 201, *et seq.* and Fed. R. Civ. P. 23 and receive a monetary payment as to claims described above.  I understand that, by participating in the settlement, I am releasing all claims that may have been brought in in this case, *Quran Herrington, et al., v. Solid Waste Services, Inc. d/b/a JP Mascaro & Sons*, E.D. Pa. Civil Action No. 2:24-cv-04902-JMY.

I hereby designate Class Counsel (as identified in Section 7 of the Notice of Settlement) as my attorneys for all purposes in connection with this case, including the settlement.

Xpand ID: SWS001CR
Quran J Herrington
6162 Old York Rd
Philadelphia, PA 19141-1934

_____
Signature

_____
Printed Name

_____
Date

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*NOTE: This Lower Portion Will Not Be Filed with the Court*

Phone Number:_____

Street Address:_____

City:_____

State:_____

Zip Code: _____

Email Address: _____

***Please contact the Settlement Administrator at***
***(888) 557-2773 or classaction@xpandlegal.com if your contact information changes.***