# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ANTHONY MCKINNEY, on behalf of himself and those similarly situated, 315 West Poplar Street, Apt. A Norristown, PA 19401<br><br>and<br><br>WILLIAM MILLSIP, on behalf of himself and those similarly situated, 2709 Cranston Road Philadelphia, PA 19131<br><br>and<br><br>GREGORY PHARR, on behalf of himself and those similarly situated, 1908 South Crosky Philadelphia, PA 19145<br><br>and<br><br>DERRICK TRAWICK, on behalf of himself and those similarly situated, 19 South 54th Street Philadelphia, PA 19139<br><br>Plaintiffs,<br><br>v.<br><br>SOLID WASTE SERVICES, INC. D/B/A J.P. MASCARO & SONS, INC., 2650 Audubon Road Audubon, PA 19403<br><br>and<br><br>JOHN DOES 1-10 c/o SOLID WASTE SERVICES, INC. D/B/A J.P. MASCARO & SONS, INC., 2650 Audubon Road Audubon, PA 19403 | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER PMWA AND PWCPL<br><br><br>No.<br><br>**JURY TRIAL DEMANDED** |

1

Defendants.

## INDIVIDUAL, COLLECTIVE ACTION, AND
## CLASS ACTION CIVIL COMPLAINT

Anthony McKinney, William Millsip, Gregory Pharr, and Derrick Trawick (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated (hereinafter referred to as "Class Plaintiffs"), hereby complain as follows against Defendants Solid Waste Services, Inc. d/b/a Mascaro & Sons, Inc. and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law (collectively "Pennsylvania Wage Laws"). Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs and Class Plaintiffs the minimum wage and proper overtime compensation, and failed to implement a system to track the number of hours worked each workweek, in violation of the FLSA and Pennsylvania Wage Laws. As a result of the aforesaid unlawful actions, Named Plaintiffs and Class Plaintiffs have suffered harm.

## JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Named Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

2

4.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.     Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.     The foregoing paragraphs are incorporated herein as if set forth in full.

7.     Named Plaintiff Anthony McKinney (hereinafter "Named Plaintiff McKinney") is an adult individual with an address as set forth above.

8.     Named Plaintiff William Millsip (hereinafter "Named Plaintiff Millsip") is an adult individual with an address as set forth above.

9.     Named Plaintiff Gregory Pharr (hereinafter "Named Plaintiff Pharr") is an adult individual with an address as set forth above.

10.    Named Plaintiff Derrick Trawick (hereinafter "Named Plaintiff Trawick") is an adult individual with an address as set forth above.

11.    Defendant Solid Waste Services, Inc. d/b/a Mascaro & Sons, Inc. (hereinafter "Defendant Solid Waste") is an entity operating a trash and recycling business at an address as set forth above.

12.    Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the

3

policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiffs and Class Plaintiffs proper compensation pursuant to federal and state law.

13. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and Class Plaintiffs.

14. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as "Driver's Helpers," "Drivers," or in positions with similar duties subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (members of this putative class are referred to as "Class Plaintiffs").

16. Named Plaintiffs and Class Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

17. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

13.     Collective Action and Class Plaintiffs should be broken into 2 subclasses consisting of the following.  Many class members will be members of both subclasses:

a.      <u>Driver Plaintiffs</u>: Driver Plaintiffs are individuals who worked for Defendants as Drivers within three years prior to the filing of the instant action.  Members of this subclass are similarly situated because all Drivers were subject to the violations detailed under Cause of Action I of this Complaint within the last three years, in violation of the FLSA.

b.      <u>Pennsylvania Driver Plaintiffs</u>: Pennsylvania Driver Plaintiffs are individuals who worked for Defendants as Drivers in Pennsylvania within three years prior to the filing of the instant action.   Members of this subclass are similarly situated because all Pennsylvania Drivers were subject to the violations detailed under Cause of Action III and V of this Complaint within the last three years, in violation of the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law.

c.      <u>Driver's Helper Plaintiffs</u>:  Driver's Helper Plaintiffs are individuals who worked for Defendants as Driver's Helpers within three years prior to the filing of the instant action.  Members of this subclass are similarly situated because all Driver's Helper Plaintiffs were subject to the violations detailed under Cause of Action II of this Complaint within the last three years, in violation of the FLSA.

d.      <u>Pennsylvania Driver's Helper Plaintiffs</u>:  Pennsylvania Driver's Helper Plaintiffs are individuals who worked for Defendants as Driver's Helpers in Pennsylvania within three years prior to the filing of the instant action.  Members of this subclass are similarly situated because all Pennsylvania Driver's Helper Plaintiffs were subject to the violations detailed under Cause of Action IV and V of this Complaint within the last three years, in violation of the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law.

19. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

20. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

21. Named Plaintiffs bring their claims asserting violations of Pennsylvania Wage Laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and on behalf of all persons presently and formerly employed by Defendants as "Drivers," "Driver's Helpers," and/or in similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Pennsylvania Plaintiffs").

22. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

23. Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all Pennsylvania Plaintiffs, were subject to the same unlawful wage policies and practices of Defendants.

24. Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

25. Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

26. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

28. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendants failed to pay the minimum wage and overtime wages for hours worked in excess of 40 per workweek to Named Plaintiffs and Pennsylvania Plaintiffs and (2) whether Defendants had any good faith basis to conclude that their failure to pay Named Plaintiffs and Pennsylvania Plaintiffs the minimum wage and at least 1.5 times their regular rate for hours over 40 was legal.

## FACTUAL BACKGROUND

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. Named Plaintiff McKinney worked for Defendants as a Driver at Defendants' Bridgeport, PA location from on or about May 7, 2011 until May 17, 2013.

31. Throughout his employment, Named Plaintiff McKinney worked at least ten (10) hours per day, six (6) days per workweek for a total of at least 50 hours per workweek.

32. Defendants paid Named Plaintiff McKinney a $100.00 per day and an additional $1.00 per recyclable can collected by Named Plaintiff; he collected an average of 450 cans per workweek.

33. Named Plaintiff Millsip worked for Defendants as a Driver's Helper and a Driver at Defendants' Bridgeport, PA location from in or around the fall of 2010 until in or around the summer of 2012.

34. Throughout his employment, Named Plaintiff Millsip worked at least ten (10) hours per day, five (5) days per workweek for a total of at least 50 hours per workweek.

35. Defendants paid Named Plaintiff Millsip between $75.00 and $90.00 per day, depending on the route he worked, during the time he worked as a Driver's Helper.

36. Defendants paid Named Plaintiff Millsip between $100.00 and $125.00 per day, depending on the vehicle he drove, during the time he worked as a Driver.

37. Named Plaintiff Pharr worked for Defendants as a Driver's Helper at Defendants' Bridgeport, PA location from in or around April 2010 until in or around May 2011.

38. Throughout his employment, Named Plaintiff Pharr worked at least ten (10) hours per day, five (5) days per workweek for a total of at least 50 hours per workweek.

39. Defendants paid Named Plaintiff Pharr $75.00 per day.

40. Named Plaintiff Trawick worked for Defendants as a Driver's Helper and a Driver at Defendants' Bridgeport, PA location from in or around July 2010 until in or around July 2012.

41. Throughout his employment, Named Plaintiff Trawick worked at least ten (10) hours per day, five (5) days per workweek for a total of at least 50 hours per workweek.

42. Defendants paid Named Plaintiff Trawick $75.00 per day during the time he worked as a Driver's Helper and $100.00 or $125.00 per day, depending on the vehicle he drove, during the time he worked as a Driver.

43. Class Plaintiffs work/worked for Defendants as Driver's Helpers and/or Drivers.

44. Defendants pay/paid Driver's Helper Plaintiffs between $75.00 and $90.00 per day depending on the route they work/worked.

45. Defendants pay/paid Driver Plaintiffs and Pennsylvania Driver Plaintiffs $100.00 and $125.00 per day depending on the vehicle they drove.

46. As Driver's Helpers and/or Drivers, Named Plaintiffs' primary duties involved riding and/or driving along routes and collecting and hauling garbage and recyclable materials to dump sites.

47. As Driver's Helpers and/or Drivers, Class Plaintiffs' primary duties involve/involved riding on and/or driving Defendants' vehicles along routes and collecting and garbage and recyclable materials to dump sites.

**Named Plaintiffs and Class Plaintiffs Are/Were Non-Exempt Employees**

48. The foregoing paragraphs are incorporated herein as if set forth in full.

9

49. Named Plaintiffs performed their Driver's Helper and/or Driver duties on a variety of vehicles, which included vehicles that have a gross vehicle weight ("GVW") and gross vehicle weight rating ("GVWR") of less than 10,001 pounds.

50. Class Plaintiffs perform/performed their Driver's Helper and/or Driver duties on a variety of vehicles, which included vehicles that have a gross vehicle weight ("GVW") and gross vehicle weight rating ("GVWR") of less than 10,001 pounds.

51. Each Named Plaintiff performed his Driver's Helper and/or Driver duties on a vehicle with a GVW and GVWR of less than 10,001 pounds during at least one workweek within the last three (3) years.

52. Each Class Plaintiff performed their Driver's Helper and/or Driver duties on a vehicle with a GVW and GVWR of less than 10,001 pounds during at least one workweek within the last three (3) years.

53. For the vast majority of Named Plaintiff McKinney's employment, he never drove outside of Pennsylvania while driving Defendants' vehicles.

54. During the last two months of Named Plaintiff McKinney's employment, he began hauling loads to a dump in New Jersey.

55. At no time during Named Plaintiff Millsip's employment, did he drive outside of Pennsylvania while performing his duties on Defendants' vehicles.

56. At no time during Named Plaintiff Pharr's employment, did he drive outside of Pennsylvania while driving Defendants' vehicles.

57. At no time during Named Plaintiff Trawick's employment, did he drive outside of Pennsylvania while performing his duties on Defendants' vehicles.

58. At no time prior to February 2013, did any Pennsylvania Driver Plaintiffs or Pennsylvania Driver's Helper Plaintiffs cross state lines while performing their duties on Defendants' vehicles.

59. Class Plaintiffs rarely if ever cross/crossed state lines while performing their duties on Defendants' vehicles.

60. Most, if not all, of the refuse collected by Named Plaintiffs was dumped at locations within Pennsylvania.

61. Most, if not all, of the refuse collected by Pennsylvania Driver Plaintiffs or Pennsylvania Driver's Helper Plaintiffs is/was permanently dumped at locations within Pennsylvania.

62. Most, if not all, of the refuse collected by Class Plaintiffs is/was permanently dumped at locations within the same state where the refuse is/was collected.

63. Most, if not all, of the recyclable materials collected by Named Plaintiffs were processed at a location within Pennsylvania.

64. Most, if not all, of the recyclable materials collected by Pennsylvania Driver Plaintiffs or Pennsylvania Driver's Helper Plaintiffs were processed at a location within Pennsylvania.

65. Most, if not all, of the recyclable materials collected by Class Plaintiffs were processed at a location within the same state where the materials were collected.

66. At no time did Named Plaintiffs hire or fire any employees of Defendants.

67. At no time did Class Plaintiffs hire or fire any employees of Defendants.

68. At no time did Named Plaintiffs supervise any employees of Defendants.

69. At no time do/did Class Plaintiffs supervise any employees of Defendants.

11

70. At no time did Named Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

71. At no time do/did Class Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

72. Accordingly, Named Plaintiffs and Class Plaintiffs are/were, within the meaning of the FLSA, non-exempt hourly employees of Defendants.

73. Accordingly, Named Plaintiffs, Pennsylvania Driver Plaintiffs, and Pennsylvania Driver's Helper Plaintiffs are/were, within the meaning of the Pennsylvania Minimum Wage act, non-exempt hourly employees of Defendants.

### Minimum Wage and Overtime Violations

74. The foregoing paragraphs are incorporated herein as if set forth in full.

75. Due to Defendants' practice of paying Named Plaintiffs Pharr, Millsip, Trawick, Trawick a flat daily rate without regard to the number of hours they worked, Defendants regularly paid them a wage below $7.25 per hour during their employment as Driver's Helpers.

76. By way of example only, during his employment as a Driver's Helper, Named Plaintiff Pharr earned $375.00 per workweek ($75.00/day rate * 5 days).

77. Named Plaintiff Pharr regularly worked more than 51.7 hours per workweek.

78. For workweeks when Named Plaintiff Pharr worked more than 51.7 hours, his hourly rate fell below $7.25 per hour ($375.00 per workweek / 51.8 hours = $7.24/hour).

79. Accordingly, Defendants regularly paid Named Plaintiff Pharr less than $7.25 per hour.

12

80. Due to Defendants' practice of paying Driver's Helper Plaintiffs a flat daily rate without regard to the amount of hours they work/worked, Defendants frequently pay/paid Driver's Helper's Plaintiffs, a wage below $7.25 per hour in violation.

81. Named Plaintiff McKinney worked at least of ten (10) overtime hours per workweek.

82. Named Plaintiff Millsip worked at least ten (10) overtime hours per workweek.

83. Named Plaintiff Pharr worked at least ten (10) overtime hours per workweek.

84. Named Plaintiff Trawick worked at least ten (10) overtime hours per workweek.

85. Defendants did not pay Named Plaintiffs any additional compensation for hours worked in excess of 40 in a workweek.

86. Accordingly, Defendants failed to pay Named Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 in a workweek.

87. Driver Plaintiffs and Driver's Helper Plaintiffs regularly work/worked over 40 hours per workweek.

88. Defendants do/did not pay Class Plaintiffs any additional compensation for hours worked in excess of 40 in a workweek.

89. Accordingly, Defendants fail/failed to pay Class Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 in a workweek.

90. Moreover, Defendants failed to implement a system to track the number of hours worked each workweek by Named Plaintiffs and Class Plaintiffs.

91. As a result of Defendants' aforesaid illegal actions, Named Plaintiffs and Class Plaintiffs have suffered damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay Minimum Wage)**
**(Named Plaintiffs Millsip, Pharr, and Trawick and Driver's Helper Plaintiffs v. Defendants)**

92.     The foregoing paragraphs are incorporated herein as if set forth in full.

93.     At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

94.     At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiffs Millsip, Pharr, Trawick, and Class Plaintiffs.

95.     At all times relevant herein, Named Plaintiffs Millsip, Pharr, Trawick, and Class Plaintiffs are/were employed with Defendants as "employees" within the meaning of the FLSA.

96.     Under the FLSA, an employer must pay a non-exempt employee at least $7.25 per hour for each hour worked.

97.     Defendants' violations of the FLSA include, but are not limited to, failure to pay Named Plaintiffs Millsip, Pharr, Trawick, and Driver's Helper Plaintiffs at least the federal minimum wage for all hours worked.

98.     Defendants' conduct in failing to properly pay Named Plaintiffs Millsip, Pharr, Trawick, and Driver's Helper Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

99.     As a result of Defendant's unlawful conduct, Named Plaintiffs Millsip, Pharr, Trawick, and Driver's Helper Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation/ Failure to Track Hours)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

100.    The foregoing paragraphs are incorporated herein as if set forth in full.

14

101. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

102. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiffs and Class Plaintiffs overtime compensation for hours worked over 40 per workweek, and failing to implement a system to track the number of hours worked each workweek by Named Plaintiffs and Class Plaintiffs.

103. Defendants' conduct in failing to pay Named Plaintiffs and Class Plaintiffs properly is/was willful and is/was not based upon any reasonable interpretation of the law.

104. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Violations of Pennsylvania Minimum Wage Act**
**(Failure to Pay Minimum Wage)**
**(Named Plaintiffs Millsip, Pharr, Trawick, and Pennsylvania Driver's Helper Plaintiffs v. Defendants)**

105. The foregoing paragraphs are incorporated herein as if set forth in full.

106. At all times relevant herein, Defendants stood in an Employer/Employee relationship with Named Plaintiffs Millsip, Pharr, Trawick, and Pennsylvania Driver's Helper Plaintiffs.

107. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiffs Millsip, Pharr, Trawick, and Pennsylvania Driver's Helper Plaintiffs.

108. Under the Pennsylvania Minimum Wage Act, an employer must pay a non-exempt employee at least $7.25 per hour for each hour worked.

15

109. Defendants' violations of Pennsylvania Minimum Wage Act include, but are not limited to, failure to pay Named Plaintiffs Millsip, Pharr, Trawick, and Pennsylvania Driver's Helper Plaintiffs at least the minimum wage for all hours worked.

110. As a result of Defendants' conduct, Named Plaintiffs Millsip, Pharr, Trawick, and Pennsylvania Driver's Helper Plaintiffs have suffered damages as set forth herein.

**COUNT IV**
**<u>Violations of Pennsylvania Minimum Wage Act</u>**
**(Failure to Pay Overtime)**
**(Named Plaintiffs, Pennsylvania Driver Plaintiffs, and Pennsylvania Driver's Helper Plaintiffs v. Defendants)**

111. The foregoing paragraphs are incorporated herein as if set forth in full.

112. Under Pennsylvania Wage Laws, an employer must pay a non-exempt employee at least one and one half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

113. Defendants' violations of Pennsylvania Minimum Wage Act include, but are not limited to, failing to pay Named Plaintiffs, Pennsylvania Driver Plaintiffs, and Pennsylvania Driver's Helper Plaintiffs overtime compensation for hours worked over 40 per workweek.

114. Defendants' conduct in failing to pay Named Plaintiffs, Pennsylvania Driver Plaintiffs, and Pennsylvania Driver's Helper Plaintiffs properly is/was willful and is/was not based upon any reasonable interpretation of the law.

115. As a result of Defendants' conduct, Named Plaintiffs, Pennsylvania Driver Plaintiffs, and Pennsylvania Driver's Helper Plaintiffs have suffered damages as set forth herein.

16

**COUNT V**
**Pennsylvania Wage Payment And Collection Law**
**(Failure to Pay All Wages Due)**
**(Named Plaintiffs, Pennsylvania Driver Plaintiffs, and Pennsylvania Driver's Helper
Plaintiffs v. Defendants)**

116. The foregoing paragraphs are incorporated herein as if set forth in full.

117. Defendants conduct in failing to pay Named Plaintiffs and Pennsylvania Plaintiffs all owed wages violated the Pennsylvania Wage Payment and Collection Law.

118. As a result of Defendants' unlawful conduct, Named Plaintiffs and Pennsylvania Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of the FLSA and Pennsylvania Wage Laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiffs and Class Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiffs and Class Plaintiffs are to be awarded all other relief this Court

17

deems just and proper.

Respectfully Submitted,

*/s Matthew D. Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: February 10, 2014

**DEMAND TO PRESERVE EVIDENCE**

1.      All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to their cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

18
